IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 4:09cr50-SPM/AK

STEVEN EUGENE PASSMORE,

    Defendant.
_____/

**ORDER DENYING MOTION TO DISMISS AND
MOTION FOR BILL OF PARTICULARS**

This cause comes before the Court for consideration of Defendant's Motion to Dismiss Indictment under Rule 12 Fed. R. Crim. P. (doc. 24), Defendant's Motion for Bill of Particulars (doc. 27), and the responses in opposition filed by the Government (docs. 33 and 34).

On a motion to dismiss an indictment under Federal Rule of Criminal Procedure 12, the Court's review is limited to the face of the indictment and the language used to charge the crime. United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006). So long as the indictment is sufficiently specific to inform the defendant of the charges against him and the charging language sets forth the essential elements of the crime, the indictment will stand. Id. It is improper

to go beyond the allegations of the indictment and base a dismissal on factual determinations that must be developed at trial.  Id.

In this case, the indictment is sufficient to charge Defendant with violating Title 18, Untied States Code, Section 1521, which proscribes retaliation against a federal judge or federal law enforcement officer by false claim or slander of title. The indictment tracks the language of the statute, including the alternative ways in which the offense can be committed, but only alleges a single offense.  United States v. Seher, 562 F.3d 1344, 1360-1363 (11th Cir. 2009).  The Government clarifies that it will not be proceeding on a conspiracy theory and will prove that Defendant made the filing at issue.  This is allowable.  Id. at 1363.  Defendant challenges the indictment on a variety of other grounds.  For the reasons stated in the Government's response, the Court finds no valid basis to dismiss the indictment.

In the motion for bill of particulars, Defendant asks for information about his placement on the terrorist watch list.  The Government states in its response that Defendant's NCIC "rap sheet", which indicates that Defendant is on a terrorist watch list, was provided to Defendant as a routine part of discovery.  The Defendant's placement on any such terrorist watch list is not relevant to the charges in this case and no mention of it will be made at trial.

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense,

to minimize surprise at trial and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985). Since the information about the terrorist watch list has no bearing on this case, no bill of particulars regarding the terrorist watch list is needed. Accordingly, it is

ORDERED AND ADJUDGED:

1. Defendant's Motion to Dismiss Indictment under Rule 12 Fed. R. Crim. P. (doc. 24) is denied.

2. Defendant's Motion for Bill of Particulars (doc. 27) is denied.

DONE AND ORDERED this 29th day of December, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge